IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDWARD STARLING, | : | |
| Plaintiff, | : | |
| v. | : | 5:09-cv-393 (HL) |
| C. ASHLEY ROYAL , | : | |
| Defendant. | : | |

### ORDER

Plaintiff Edward Starling ("Starling") has filed a "Complaint for Judicial Nonfeasance" (Doc. 1). Starling has not paid the required $350.00 filing fee or any security; therefore, Defendant Judge C. Ashley Royal has not been served. Pursuant to 28 U.S.C. § 1915(a) the Court assumes that Starling wishes to proceed in forma pauperis ("IFP"). As it appears that Starling is unable to proceed without prepayment of the filing fee or security, his application to proceed IFP is granted.

Because Starling is proceeding IFP, the Court is also required to screen his Complaint and dismiss it, or any portion, if it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Scheuer v. Rhodes, 416 U.S. 232 (1974).

Although Starling's complaint is unclear as to what claims he is asserting, it appears that Starling's claims relate to actions taken by District Court Judge, Judge C. Ashley Royal. Judge Royal heard his civil case where Starling asserted his constitutional rights were violated during the course of his criminal case. Starling sought to vacate his criminal conviction. Judge Royal dismissed Starling's civil case because he determined the court lacked jurisdiction over Starling's claims: Starling's Federal Tort Claims Act claim failed because he did not exhaust his administrative remedies and his claims pursuant to Bivens v. Six Unknown Named agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) were time barred.

Starling now asserts that Judge Royal refused to adjudicate any of his claims presented in his civil complaint, that Judge Royal refused to enter a final judgment in his criminal case, and that Judge Royal refused to provide Starling with record excerpts for his appeal. Starling seeks damages and equitable relief.

Starling's case must be dismissed because it is barred by the doctrine of absolute judicial immunity. It is well settled that "judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, et al., 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978)). This immunity also protects federal judges from injunctive relief. See id. (stating that "the stronger argument favors the grant of absolute judicial immunity [from injunctive relief] to the defendant federal judges in this case."). Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of

his or her jurisdiction.  Id.

In this case, Judge Royal is entitled to immunity for all of Starling's claims because he did not act in the "clear absence of all jurisdiction" when he determined that Starling's civil complaint should be dismissed for lack of jurisdiction.  Issues regarding jurisdiction are for the court to decide.  Scarfo v. Ginsberg, 175 F.3d 957, 961 (11th Cir. 1999).  The court may inquire into the basis of its subject matter jurisdiction at any time.  Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[1]  The court may not, however, adjudicate the merits of a claim once it has determined that it lacks subject matter jurisdiction.  Stanley v. Cen. Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir. Mar.1981).

Because Judge Royal had jurisdiction to determine whether the federal court had subject matter jurisdiction over Starling's civil claims and because he did not adjudicate the merits of Starling's claims after he determined the court lacked jurisdiction, he is entitled to absolute judicial immunity.  Therefore, he is immune from damages and injunctive relief.  Based on this finding, Starling's complaint against him is due to be dismissed as frivolous.  Starling's Motion for Default Judgment (Doc. 2) is denied as moot.

**SO ORDERED**, this the 2nd  day of February, 2010.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.